**RIGHTMEYER**

v.

**VON LENGERKE BUICK CO.**

No. 11283.

United States Court of Appeals,
Third Circuit.

Argued April 22, 1954.

Decided May 18, 1954.

Albert S. Gross, Hackensack, N. J., Walter J. Hunziker, Paterson, N. J., of counsel (Hunziker & Hunziker, Paterson, N. J., on the brief), for appellant.

Julius L. Malkin, Hackensack, N. J., (Malkin & Malkin, Hackensack, N. J., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

This case involves an alleged overcharge on the sale of a Buick automobile by defendant to plaintiff. Prior to this sale, the automobile had been driven more than 3,000 miles by an executive of General Motors Corporation, Buick Motor Division. The defendant sold the car as if new, less discount for its previous service. The district court held that the vehicle was a "used automobile" within the OPS regulations in effect at the

time of sale,[1] and awarded the plaintiff treble damages. D.C.N.J.1953, 116 F. Supp. 470.

We do not agree. If, as defendant contends, this automobile was a "dealer owned executive car," it was not a used automobile because the model admittedly had been sold by the manufacturer within the four months preceding this transaction, and plaintiff received a new car guarantee. If, as plaintiff contends, this vehicle was not a "dealer owned executive car," it was a used automobile only if it previously had been sold at retail. Plaintiff claims that it had been sold at retail within the regulation because possession of it had been transferred from General Motors Corporation to its Buick Motor Division. However, plaintiff concedes that Buick Motor Division is not a separate corporation but merely a part of General Motors. Assuming that a transfer of possession equals a sale at retail,[2] we are unable to see how there could have been any such transfer in these circumstances. There was no transfer by any one to any one else.

It should be noted that, effective August 23, 1952, the regulations were amended to exclude from the definition of "new automobile" any car which is used prior to sale by the manufacturer, CPR 83, § 18(2); 17 Fed.Reg. 7575 (1952). Thus, as to future cases, the problem is moot.

The judgment of the district court is reversed.

1. The pertinent language is as follows:

"'New automobile' is an automobile that has never been sold at retail. A demonstrator or dealer-owned executive car, however, is new if the model is currently being sold by the manufacturer or was sold by the manufacturer within the preceding 4 months, and if the dealer sells the demonstrator or dealer-owned executive car with a new car guarantee." CPR 83, § 18(a) (2); 16 Fed.Reg. 10595 (1951).

"A used automobile is an automobile which has been sold at retail * * * A demonstrator or dealer owned executive car is a used automobile if the model is not currently being sold by the manufacturer or was not sold by the manufacturer within the preceding 4 months." CPR 94, § 11(a) (2); 16 Fed.Reg. 11641 (1951).

2. The regulations define a sale at retail as "any sale to an ultimate user," and state that the term "sale" means "sell, supply, dispose, barter, exchange, transfer and deliver * * *." CPR 94, § 11 (g) (1) (3); 16 Fed.Reg. 11641 (1951). From these provisions, the district court concluded that a transfer of possession is the equivalent of a sale at retail.